IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| DARRELL JENNINGS, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 10-2464-STA-tmp |
| TONY PARKER, | ) | |
| Respondent. | ) | |

ORDER DENYING PETITION PURSUANT TO 28 U.S.C. § 2254
ORDER DENYING CERTIFICATE OF APPEALABILITY
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

On June 17, 2010, Petitioner Darrell Jennings, Tennessee Department of Correction prisoner number 312193, an inmate at the Northwest Correctional Complex in Tiptonville, Tennessee, filed a *pro se* petition pursuant to 28 U.S.C. § 2254 that raised the following issues:

1. Whether the evidence is sufficient to sustain his convictions;

2. Whether he was denied his constitutional right to proper jury instructions; and

3. Whether his attorney rendered ineffective assistance.

(ECF No. 1 at 6-18.)

Respondent filed his Answer on November 29, 2010 (ECF No. 15), and he filed the state-court record on December 6, 2010 (ECF No. 16). On February 15, 2011, Petitioner filed his Traverse and Response to Respondent's Answer ("Reply"). (ECF No. 20.) In an order issued on March 15, 2013, the Court denied relief on Claim One (ECF No. 25 at 32) and on Claim Two insofar as Petitioner challenged the trial court's failure to instruct on lesser-included offenses to felony murder (id. at 38-39). The Court also denied relief on that portion of Claim Three that addressed counsel's preparation for trial. (Id. at 39-40.)

The March 15, 2013 order did not dispose of the portion of Claim Two that asserted that the trial court erred by giving undue emphasis to its supplemental instruction on criminal intent and the portion of Claim 3 that addressed counsel's failure to object to the lesser-included offense instruction on the felony murder count. Instead, the order noted that those claims appeared to be barred by procedural default but that Respondent had not raised that affirmative defense. (Id. at 36-38, 40-41.) Respondent was ordered to file a Supplemental Answer addressing the remaining issues, and Petitioner was given the opportunity to file a Supplemental Reply. (Id. at 38, 41.)

Respondent filed his Supplemental Answer on April 9, 2013. (ECF No. 26.) Petitioner did not file a Supplemental Reply, and the time in which to do so has expired.

I.   **ANALYSIS OF PETITIONER'S REMAINING CLAIMS**

   A.   **The Allegedly Unconstitutional Jury Instructions (Claim 2)**

In his second issue, Jennings asserts that he was denied his right to proper jury instructions. (ECF No. 1 at 10-12.) The remaining portion of this issue asserts that the trial judge's supplemental instruction to the jury about criminal attempt "placed undue emphasis on the fact that the 'State need not prove the robbery was completed' or that [Jennings] did in fact intend to promote or assist in the robbery of the victim or he solicited, directed, aided or attempted to aid[.]" (Id. at 11; see also id. at 11-12 (supplemental instructions must be accurate and clear).)

On direct appeal, Jennings argued that the trial court erred by giving undue emphasis to its supplemental instruction on criminal intent. The Tennessee Court of Criminal Appeals rejected this issue on the merits, stating as follows:

> In his final issue, the Appellant asserts that, in the trial court's supplemental instruction to the jury regarding criminal attempt, the court placed undue emphasis on the fact that "the State need not prove the robbery was completed."
>
> After three and one-half hours of deliberations, the jury returned to court with the following question,
>
> Does count two, homicide first degree murder, killing in the perpetration of other crimes include attempted robbery to the extent that essential elements of robbery, specifically number four and five, not necessarily be satisfied, *i.e.* took indicates the robbery was successful rather than just attempted.

The court, over defense counsel's objection, provided the following instruction:

> I've got a question here and ... I've answered it in my handwriting on the bottom part of the question. This now becomes part of your jury charge and so you can't write on it any more.
>
> If you have any other questions or other things you do, use other paper. You need to keep this with the jury charge as permanent record.
>
> ...
>
> The answer is this, to convict the defendant the State must prove that the killing was committed in the perpetration of or the attempt to perpetrate the alleged robbery.
>
> It's not necessary that the State prove the robbery was completed.
>
> For you to find the defendant attempted to commit robbery, you must find beyond a reasonable doubt that, one, the defendant intended to commit the specific offense of robbery, and two, that the defendant did some act intending to complete a course of action or cause a result that would constitute robbery under the circumstances as the defendant believed them to be at the time, and his actions constituted a substantial step toward the commission of robbery.
>
> The defendant's action[s] don't constitute a substantial step unless the defendant's entire course of action clearly shows his intent to commit robbery.
>
> ...

The written supplemental jury charge is not included in the record on appeal. *See generally* State v. Ballard, 855 S.W.2d 557, 560-61 (Tenn. 1993) (Appellant's failure to provide this court with a complete record relevant to the issues presented for review constitutes a waiver of the issue). However, the trial court's oral pronouncement of the jury charge reflects that the trial court accurately recited the law relative to criminal attempt.

4

*See generally* Tenn. Code Ann. § 39-12-101(b); T.P.I.-Crim. 401. Thus, no substantive error in the supplemental instruction exists.

The record is silent as to whether the court admonished the jury not to place undue emphasis on the supplemental instruction. However, the charge to the jury clearly instructs the jurors

> The law applicable to this case is stated in these instructions, and it is your duty to carefully consider all of them. The order in which these instructions are given is not an indication of their relative importance. You should not single out one or more of them to the exclusion of another or others but should consider each one in the light of and in harmony with the others.

Supplemental instructions must be (1) elicited by the jury; (2) comprehensively fair to all parties; and (3) not duly emphatic upon certain portions of the law to the exclusion of others equally applicable. <u>Berry v. Conover</u>, 673 S.W.2d 541, 545 (Tenn. App. 1984). The purpose of supplemental instructions is to clarify ambiguities in the original charge. Thus, the preferred procedure is to admonish juries not to place undue emphasis upon the supplemental charge. Whether the trial court's failure to admonish constitutes reversible error must be determined upon examination of the entire record. *See* <u>State v. Chance</u>, 778 S.W.2d 457, 461 (Tenn. Crim. App. 1989).

We conclude that the jury charge provided instructions sufficient to admonish the jury that one instruction shall not be emphasized over another. The jury is presumed to have followed this instruction. <u>Chance</u>, 778 S.W.2d at 461. Additionally, the supplemental charge accurately reflected the law, provided a complete recitation of what the State was required to prove before the jury could find the Appellant guilty of felony murder committed in the attempt to perpetrate a robbery, and did not shift the burden of proof. Accordingly, the court's failure to admonish the jury did not affect the jury's verdict to the Appellant's detriment.

<u>State v. Jennings</u>, 2000 WL 1863515, at *5-6.

Although the instant Petition frames this issue as a federal constitutional claim, Respondent now contends that Jennings presented this issue to the Tennessee Court of Criminal Appeals as arising under state law. (ECF No. 26 at 2.) A prisoner exhausts a claim by "fairly present[ing]" it to the appropriate trial and appellate courts. Baldwin v. Reese, 541 U.S. at 29, 124 S. Ct. at 1349.

> A petitioner can take four actions in his brief which are significant to the determination as to whether a claim has been fairly presented: (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law.

Newton v. Million, 349 F.3d 873, 877 (6th Cir. 2003) (internal quotation marks omitted). "General allegations of the denial of rights to a 'fair trial' and 'due process' do not 'fairly present' claims that specific constitutional rights were violated." McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000).

In his brief to the Tennessee Court of Criminal Appeals, Jennings presented this issue to the Tennessee Court of Criminal Appeals as arising under state law.[1] Jennings cited three state-court decisions for the proposition that, "[i]n instructing the jury, a Trial Judge can not give any undue prominence on [sic] any

---

[1] Appellant's Br. 7-8, State v. Jennings, No. W1999-01036-CCA-R3-CD (Tenn. Crim. App.), ECF No. 16-2.

concept of law where a jury might consider such portion of the jury instructions more important than any other instructions relating to the case."[2] The relevant portions of the state-court decisions cited in the brief do not employ federal constitutional analysis. *See* State v. Harris, 839 S.W.2d 54, 73 (Tenn. 1992); Cooper v. State, 138 S.W. 826, 847-48 (Tenn. 1911); Summerall v. State, 580 S.W.2d 794, 795 (Tenn. Crim. App. 1978), *appeal denied* (Tenn. Mar. 19, 1979). Jennings also did not take any of the other specified actions to present his federal constitutional claim to the state courts.

Because there is no longer any means of exhausting Jennings' objection to the supplemental jury instruction in state court, this aspect of Claim 2 is barred by procedural default and is DISMISSED.

**B.  Ineffective Assistance of Counsel (Claim 3)**

In his third issue, Jennings claims that his attorney rendered ineffective assistance, in violation of the Sixth Amendment. (ECF No. 1 at 14-16.) The only remaining ineffective assistance claim is that "trial counsel did not properly object to the trial judges explanation of the lesser included charges, rather he allowed the judge to briefly explain his instructions, without going into the specific requirements as required by jury instructions." (Id. at 15; *see also* id. at 16 (trial counsel did not object "to the trial

---

[2]  Id.

7

courts explanation of the lesser included offense charge as it relates to the offense of First Degree (felony) Murder").)

In his Supplemental Answer, Respondent asserts that the ineffective assistance claim arising from the jury instructions is not the same claim that was exhausted before the Tennessee Court of Criminal Appeals on the post-conviction appeal. (ECF No. 26 at 4.) Jennings exhausted claims that trial counsel was ineffective in failing to request an instruction on the natural and probable consequences rule[3] and that appellate counsel was ineffective in failing to raise the issue on direct appeal.[4] Claim 3 does not mention the natural and probable consequences rule or the decision in State v. Howard, 30 S.W.3d 271 (Tenn. 2000). Instead, the Petition appears to focus on the lesser-included-offense instruction. (ECF No. 1 at 15, 16.) As previously noted (ECF No. 25 at 38-39), Petitioner did not properly exhaust this issue in state court. Because there is no longer any means to exhaust this issue, this aspect of Claim 3 is barred by procedural default and is DISMISSED.

Because every issue presented by Jennings has been dismissed, the Court DENIES the petition pursuant to 28 U.S.C. § 2254. The petition is DISMISSED WITH PREJUDICE. Judgment shall be entered for Respondent.

---

[3] Br. of Appellant Darrell Jennings at 13-16, Jennings v. State, No. W2007-01087-CCA-R3-PC (Tenn. Crim. App.), ECF No. 16-2.

[4] Id. at 15-16.

## II.     APPEAL ISSUES

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition. Miller-El v. Cockrell, 537 U.S. 322, 335, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); Bradley v. Birkett, 156 F. App'x 771, 772 (6th Cir. 2005). The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. A petitioner may not take an appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 336, 123 S. Ct. at 1039; *see also* Henley v. Bell, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. Miller-El, 537 U.S. at 337, 123 S. Ct. at 1039; Caldwell v. Lewis, 414 F. App'x 809, 814-15 (6th Cir. 2011). Courts should

not issue a COA as a matter of course. Bradley, 156 F. App'x at 773.

In this case, there can be no question that Petitioner's claims are meritless for the reasons previously stated in this order and the order issued on March 15, 2013. Because any appeal by Petitioner on this Petition does not deserve attention, the Court DENIES a certificate of appealability.

Rule 24(a)(1) of the Federal Rules of Appellate Procedure provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a) (4)-(5). In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a),

that any appeal in this matter would not be taken in good faith, and leave to appeal *in forma pauperis* is DENIED.[5]

IT IS SO ORDERED this 31st day of May, 2013.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

---

[5] If Petitioner files a notice of appeal, he must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).